United States District Court
Southern District of Texas
**ENTERED**
July 21, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN GABRIEL CISNEROS, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:16-cv-279 |
| § | CRIMINAL NO: 4:95-196-7 |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

### ORDER

On October 31, 2016, Petitioner Juan Gabriel Cisneros filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).

On March 13, 2020, the Magistrate Judge issued a Report and Recommendation (Doc. 70), recommending that Cisneros's petition be dismissed as untimely filed, or alternatively, denied as meritless. In May 2020, the Court adopted the Report and Recommendation and dismissed Cisneros's Petition as untimely filed and, alternatively, denied it on its merits. (Order, Doc. 77)

On June 22, 2020, Cisneros filed a Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of FED. R. CIV. P. (Doc. 86). In that Motion, Cisneros re-urges the same arguments he made before the Magistrate Judge and in his objections to the Report and Recommendation. The Court finds the arguments unpersuasive.

Cisneros also has filed a Notice of Appeal (Doc. 88) and a Motion for Leave to Proceed In Forma Pauperis on Appeal (Doc. 89). A district court may certify that an *in forma pauperis* appeal is not taken in good faith, but it must list its reasons for doing so. *Pohl v. Thaler*, No. 10–41160, 2011 WL 2448383, *1 (5th Cir. 2011) (unpubl.) (citing *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997)). The court may simply incorporate by reference its decision dismissing the claim on the merits when making this certification. *Baugh*, 117 F.3d at 202, n.21. "[W]hen the underlying claims of the IFP plaintiff [are] entirely frivolous and [have] no possibility of success," the appeal is not taken in good faith. *Id.* at 201-02.

In the present matter, the Court finds that for the reasons stated in the adopted Report and Recommendation (Doc. 70), Cisneros has no possibility of success on the merits.

As a result, it is:

**ORDERED** that Cisneros's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of FED. R. CIV. P. (Doc. 86) is **DENIED**; and

**ORDERED** that Cisneros's Motion for Leave to Proceed In Forma Pauperis on Appeal (Doc. 89) is **DENIED.**

Although this Court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3), Cisneros may challenge this finding pursuant to *Baugh*, by filing a separate motion to proceed IFP on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this Order.  The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if the appellant moves to proceed on appeal, the prison authorities will be directed to collect the fees as calculated below.

The fee for filing a notice of appeal is $505.  If Cisneros chooses to appeal this Court's rulings, he would be assessed an initial partial fee of $20.00.  The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court.  Then, Cisneros shall pay the balance of the filing fees, in periodic installments. The appellant is required to make payments of 20% of the preceding month's income credited to the appellant's prison account until appellant has paid the total filing fee of $505.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the clerk of the district court.

If Cisneros moves to proceed on appeal, the clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and

remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

SIGNED this 21st day of July, 2020.

_____
Fernando Rodriguez, Jr.
United States District Judge